**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEVEN J. LEVITT,** <br> **Plaintiff** | : | |
| **v.** | : | **C.A. No.:** |
| **SAFETY MANAGEMENT SOLUTIONS, LLC** <br> **Defendants** | : | |

# COMPLAINT

## I. Introduction

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment the Plaintiff suffered in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq*. ("FEPA"), and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*. ("RICRA").

## II. Parties

1. The Plaintiff is a resident of the City of Cranston, County of Providence, State of Rhode Island.

2. Defendant Safety Management Solutions, LLC ("SMS") is a corporation duly organized pursuant to the laws of the State of Rhode Island with its principal place of business located at P.O. Box 8362, Cranston, RI 02920.

## III. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims under Title VII pursuant to 42 U.S.C. §2000e-5(f)(3), jurisdiction over the Plaintiff's claims under the ADEA pursuant to 29

U.S.C. §626, and supplemental jurisdiction over the Plaintiff's claims under the FEPA and the RICRA pursuant to 28 U.S.C. §1367.

## IV. Venue

4.     Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Exhaustion of Administrative Remedies

5.     On or about December 19, 2019, the Plaintiff timely filed a charge of discrimination against Defendant SMS with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 20 ERA 132, and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 16J-2020-00079.

6.     On or about June 24, 2021, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR and the EEOC issue a right to sue letter.

7.     On or about June 24, 2021, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8.     On or about July 23, 2021, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

9.     There is no requirement under the RICRA relative to the exhaustion of administrative remedies.

## VI. Material Facts

10.    The Plaintiff is Caucasian.

11.    The Plaintiff is Jewish.

12. On August 5, 2019, the Plaintiff was hired by Defendant SMS as an Armed Security Guard.

13. Throughout his employment with Defendant SMS, the Plaintiff worked at Summit Medical Compassion Center ("SMCC").

14. In November, 2019, a new hire at Defendant SMS made a racist comment about Hitler's teachings.

15. On or about December 1, 2019, the Plaintiff reported the aforementioned comment to Max[1], Titles Operation Manager at SMCC, and Steven Mokler ("Mokler"), Director of Security at SMCC.

16. Shortly thereafter, Mr. Mokler decided to look past the new hire's aforementioned comment. This new hire was given neither a verbal or written warning.

17. On December 15, 2019, the Plaintiff was included in a text message group exchange with several of his coworkers.

18. During this group exchange, several of the Plaintiff's coworkers sent racist comments via text message. In fact, one coworker wrote, "Yes Massa, I go hittin the fields to pick yo cotton now bossman" and another coworker[2] replied, "Your going to feel the end of my whip boy."

19. Shortly thereafter one of the Plaintiff's coworkers sent a text message to the group stating, "I yelled at some Asian kid… Think I scared him so bad that he laid an eggroll."

20. On December 19, 2019, the Plaintiff showed the aforementioned text messages to Max. Max was mortified by the text messages and recommended that the Plaintiff bring the text messages to Mr. Mokler and Jessen Nichols ("Nichols"), General Manager at SMCC.

---

[1] At this time, the Plaintiff does not recall Max's last name.
[2] Shortly after this text message, the subject employee was promoted to Lieutenant.

21. Immediately thereafter, the Plaintiff called Mr. Mokler and asked to speak with him and Mr. Nichols. In response, Mr. Mokler stated, "no need to speak to anyone but me." As a result, the Plaintiff met solely with Mr. Mokler.

22. During the aforementioned meeting, the Plaintiff showed Mr. Mokler the subject text messages.

23. Mr. Mokler laughed at the aforementioned text messages and told the Plaintiff that there was "nothing [he could] do about it."

24. That same day, December 19, 2019, the Plaintiff received a text message from Anthony Manfredi ("Manfredi"), Director of Operations, Vice President, and Co-Owner of Defendant SMS, asking the Plaintiff to call him.

25. Immediately thereafter, the Plaintiff called Mr. Manfredi. During this telephone call, Mr. Manfredi was extremely upset that the Plaintiff chose to meet with Mr. Mokler instead of contacting him directly. Mr. Manfredi also told the Plaintiff that he was undermining his contract with SMCC because the Plaintiff wanted to become a permanent employee.

26. Prior to ending the telephone call, Mr. Manfredi told the Plaintiff that his employment at Defendant SMS was "over."

27. On December 19, 2019, the Plaintiff's employment at Defendant SMS was terminated in retaliation for complaining about his discriminatory work environment.

**VII. <u>Claims for Relief</u>**

28. The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-27 above.

**<u>Count One</u>**

**<u>Unlawful Discrimination – 42 U.S.C. U.S.C. §2000e, *et seq.*</u>**

29. Defendant's acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under Title VII.

**Count Two**
**Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.***

31. Defendant's acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq*., causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

**Count Three**
**Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.***

32. Defendant's acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination and retaliation against the Plaintiff insofar as said actions and/or omissions in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*., causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

**VIII. Prayers and Relief**

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that Defendant, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.,* the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*.;

2. enjoining and permanently restraining Defendant from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.,* the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*.;

3. award the Plaintiff back pay, including incremental increases, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5. award the Plaintiff punitive damages;

6. award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7. such other and further relief as the Court deems just and proper.

**IX. Demand for Jury Trial**

The Plaintiff hereby demands a trial by jury on all counts so triable.

**X. Designation of Trial Counsel**

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Jessica A. Roberge, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,
**FORMISANO & COMPANY, P.C.**

Dated: September 15, 2021

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Jessica A. Roberge
Jessica A. Roberge (#10179)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com
mpushee@formisanoandcompany.com
jroberge@formisanoandcompany.com

**CERTIFICATION**

I hereby certify that on the 15th day of September, 2021, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano